IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TYRONE PEARSON,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | Case No. 1:25-cv-01286-JEH/1:23-cr-10013-JEH (related criminal case) |

**Order**

Now before the Court is Petitioner Tyrone Pearson's motion to vacate pursuant to 28 U.S.C. § 2255[1]. For the reasons stated *infra*, the petition is denied.

On February 22, 2023, the grand jury sitting in the United States District Court for the Central District of Illinois charged Pearson with multiple offenses, including the distribution of fentanyl and possession of a firearm in furtherance of drug trafficking. On June 21, 2023, a superseding indictment was filed, adding additional charges against Pearson. On April 9, 2024, Pearson changed his plea to guilty for Counts 1s (distribution of more than 40 grams of fentanyl) and 4s (possession of a firearm in connection with a drug trafficking offense) of the superseding indictment, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). The sentencing hearing was held on July 10, 2024, where the Court accepted the plea agreement and sentenced Pearson to the agreed sentence of a total of 180 months in prison, consisting of 120 months for Count 1s (the statutory minimum) and 60 months for Count 4s, to be served consecutively (also the statutory minimum for this count).

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

On July 14, 2025, Pearson filed his motion to vacate his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The entirety of Pearson's ineffective assistance argument is as follows:

> Counsel neglected to correctly inform me of the elements of the charge of 18 USC. 924(c); Counsel did not submit requested pre-trial motions to suppress evidence; Counsel did not investigate the case, nor depose witnesses for the defense; Counsel falsely explained the First Step Act as it would pertain to a charge of 18 USC 924(c); Counsel neglected to inform me of the need for an underlying offense to trigger an 18 USC 924(c) charge, which does not exist in this case.

(D. 86 at ECF p. 4).

To succeed on a claim of ineffective assistance of counsel, a petitioner must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), demonstrating both deficient performance by counsel and resulting prejudice. The Seventh Circuit has consistently held that specific factual support is required for such claims. In *United States v. Hodges*, 259 F.3d 655 (7th Cir. 2001), the court emphasized the necessity of detailed allegations to substantiate claims of ineffective assistance.

Here, Pearson's conclusory statements--devoid of facts--do not meet this standard. Not only does the petition lack specific factual allegations to support Pearson's claims, but Pearson also fails to point to any facts demonstrating how counsel's alleged failures affected 1) his decision to plead guilty, 2) his sentence, or 3) how he was otherwise prejudiced.

Moreover, the facts in the record from the change of plea hearing contradict Pearson's claims. During the change of plea hearing, the Court conducted a colloquy with Pearson, where, among other things, the Defendant affirmatively stated that he had discussed the plea agreement with his attorney and that he understood its terms. (D. 87 at ECF pp. 4-5). Both the plea agreement and the Court

on the record set forth the essential elements of both offenses to which Pearson pleaded guilty. *Id*. at pp. 7-8. Both the plea agreement and the change of plea colloquy demonstrate that Pearson knew the essential elements of the offenses to which he pleaded guilty, as well as the fact that Count 1s was the underlying offense triggering his § 924(c) charge.

With respect to Pearson's claims regarding counsel's alleged failures to file a motion to suppress, investigate the case, and depose witnesses, these claims lack any factual details and are insufficient to merit consideration by the Court. *See Hodges*, 259 F.3d 655. Moreover, regarding any prejudice from these claimed errors, Pearson fails to assert that he would have insisted on going to trial absent any errors on the part of his counsel. *See Hill v. Lockhart,* 474 U.S. 52, 59 (1985) (petitioner must show reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial, supported by objective evidence). Nor has he indicated how his sentence at the statutory mandatory minimum on all counts to which he pleaded guilty could have been any different from what the Court imposed. *Resnick v. United States*, 7 F.4th 611, 625 (7th Cir. 2021) (petitioner must show that but for counsel's errors, there is a reasonable probability that he would have received a different sentence).

Regarding an evidentiary hearing on Pearson's claims, specific factual allegations are required to warrant an evidentiary hearing on a § 2255 petition, *see Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001), and in this case as already noted *supra*, the Petitioner's conclusory statements do not meet this standard. Additionally, the Court finds that the existing record conclusively shows that the Petitioner is not entitled to relief, also rendering an evidentiary hearing unnecessary. *Id.* Furthermore, a response from the Government is not required as the motion, files, and records of the case conclusively show that the Petitioner is

not entitled to relief for the reasons discussed *supra*. Rule Governing 2255 Proceedings 4(b).

Finally, the Court finds that the Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the Court's assessment of the constitutional claims debatable or wrong. Therefore, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

*It is so ordered.*

Entered on August 4, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE